UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLARENCE DEWAYNE BENTLEY,

    Defendant.

_____/

CASE No. 1:18-pt-25

HON. ROBERT J. JONKER

## OPINION REGARDING TERM OF SUPERVISION

Defendant Bentley was originally convicted by guilty plea of conspiracy to distribute Oxycodone in violation of 21 U.S.C. § 846. The penalty provided by statute was "not more than 20 years" of imprisonment, and "a term of supervised release of at least 3 years in addition to such term of imprisonment." 21 U.S.C. § 841(b)(1)(C). The specified term of supervision was to be imposed "[n]otwithstanding section 3583 of Title 18," which normally governs the available terms of supervision. 18 U.S.C. § 3583(b). Under this statutory array, the authorized maximum term of supervision was as much as life in prison. *See, e.g., United States v. Handley*, 678 F.3d 1185, 1189-90 (10th Cir. 2012) (collecting cases so holding from the Second, Fourth, and Fifth Circuits); *see also United States v. Aponte*, 19 F. App'x 213, 222 (6th Cir. 2001) ("The cocaine catch-all provision, § 841(b)(1)(C), specifies that district courts must impose a term of supervised release of at least three years on any defendant sentenced to imprisonment, implicitly authorizing any supervised release term between three years and life."). The Court has not found any Circuit authority to the contrary on this point.

On June 5, 2019, the Court adjudicated Defendant Bentley responsible for four supervised release violations, including possession and use of power or crack cocaine; for trading some of his prescribed Suboxone for cocaine or crack cocaine, obviously contrary to the terms of the Suboxone prescription; and for to failing to attend his scheduled substance abuse treatment sessions. Defendant Bentley admitted the violations. The Court revoked supervision, and imposed a custodial term of four months, the low end of the Chapter 7 guidelines. The Court also imposed a supervised release term of three years (or 36 months) because, in the Court's view, this satisfied the overall purposes of sentencing and was within the maximum authorized term of lifetime supervision under the original statute of conviction.

The defense objected to the length of supervision. In the defense view, the maximum authorized term of supervision for the original offense of conviction was only three years (36 months), not life; and that as a result, the maximum term of supervision on revocation would be 32 months (the maximum term reduced by the custodial term of 4 months). The defense argued that Defendant Bentley's qualification for the safety valve under 18 U.S.C. § 3553(f) eliminated the normally authorized lifetime term of supervision for a drug offense and limited the Court to the normal rules of 18 U.S.C. § 3583(b), which would be 36 months for a Class C felony. The government provisionally joined the objection, though it had not had the opportunity to research the issue and wanted to do so before staking out a final position.

The Court reviewed the statutory references in the original PSR and the Probation Violation Worksheet with the parties in open Court. Based on its review, the Court overruled the defense objection (and the government's provisional objection) and imposed the 36-month term of supervision. In the Court's view, both during the hearing and after additional research thereafter, there can be no reasonable question but that the original offense of conviction carries an authorized

maximum supervision term of life, based on the authority summarized in the opening paragraph. The Court readily agrees that the statutory safety valve directs sentencing "without regard to any statutory minimum sentence, 18 U.S.C. § 3553(f). But the Court sees nothing in the statutory safety valve that changes the maximum authorized terms of imprisonment or supervision. So in the Court's view, with or without the safety valve, the maximum authorized term of supervision for a drug offense is life.

There is language in the commentary to the Sentencing Guidelines that supports the defense view. Application Note 2 to U.S.S.G. § 5D1.2 first states that a safety valve defendant "is not subject to any statutory minimum sentence of supervised release," which is a fair reading of the statutory text itself. The Note then goes on to state that the guideline term of supervision for a safety valve eligible defendant "shall be determined under subsection (a)," which tracks the normally applicable terms of 18 U.S.C. § 3583(b)(1) for non-drug crimes. Based on this language, and the statutory directive in Section 3553(f) that safety valve defendants be sentenced "pursuant to guidelines promulgated by the United States Sentencing Commission," this Court has found one pre-Booker Circuit decision holding that the maximum term of supervision for a safety valve eligible defendant is not life, but whatever term would normally be provided under Section 3583(b)(1). *See United States v. Hendricks*, 171 F.3d 1184 (8th Cir. 1999).

*Hendricks* provides the strongest support this Court has found for the defense position, but the Court adheres to its own interpretation despite *Hendricks*. First, *Hendricks* rests its analysis principally on the guideline provisions, which were mandatory at the time. *Hendricks*, 171 F.3d at 1186-87. After *Booker*, the guidelines are no longer mandatory, and the statutory provisions treating the guidelines as mandatory are no longer operative. Second, nothing in *Hendricks* undercuts the statutory analysis of the cases cited in the opening paragraph, which demonstrates

that the drug penalty statute by its terms authorizes up to a lifetime on supervision. Third, Congress itself reinforced the point when it added language to the drug penalty provision clarifying that the supervision term authorized by the drug statutes govern "[n]otwithstanding Section 3583(b) of Title 18." *See United States v. Jackson*, 559 F.3d 368, 370 (5th Cir. 2009) (discussing the significance of the 2002 statutory amendment). This amendment happened after *Hendricks*.

All by itself, the four months of supervision is not a particularly big practical issue. But the question of whether Defendant Bentley remains exposed to a potential for lifetime supervision, or whether he is limited to 36 months less any custody imposed, is a potentially very significant issue. Accordingly, the Court is adding these comments to the record after an opportunity for additional research following the hearing.


Dated:   June 5, 2019                             /s/ Robert J. Jonker
                                                  ROBERT J. JONKER
                                                  CHIEF UNITED STATES DISTRICT JUDGE